IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE A. W.,[1]                          3:19-cv-00626-BR

        Plaintiff,                  OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


**LAURIE B. MAPES**
Attorney at Law
P.O. Box 1241
Scappoose, OR 97056
(503) 543-2900

       Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600

---

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.


1 - OPINION AND ORDER

Portland, OR  97204-2902
(503) 727-1003
**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3705

        Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Leslie A. W. seeks judicial review of the final

decision of the Commissioner of the Social Security

Administration (SSA) in which the Commissioner denied

Plaintiff's application for Disability Insurance Benefits (DIB)

under Title II of the Social Security Act.  This Court has

jurisdiction to review the Commissioner's final decision

pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the

decision of the Commissioner and **REMANDS** this matter for the

immediate calculation and payment of benefits.


                    <u>**ADMINISTRATIVE HISTORY**</u>

    On November 19, 2015, Plaintiff protectively filed her


2 - OPINION AND ORDER

application for DIB benefits.  Tr. 21, 195.[2]  Plaintiff alleges a
disability onset date of October 29, 2015.  Tr. 21, 195.
Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on September 22, 2017.  Tr. 21, 40-87.  Plaintiff and a
vocational expert (VE) testified at the hearing.  Plaintiff was
represented by an attorney at the hearing.

On January 25, 2018, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 21-33.  Plaintiff requested review by the
Appeals Council.  On February 21, 2019, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 24, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on April 1, 1971.  Tr. 32, 195.

---

[2] Citations to the official Transcript of Record (#7) filed
by the Commissioner on August 30, 2019, are referred to as "Tr."

Plaintiff was 44 years old on her alleged disability onset date.
Tr. 32.  Plaintiff has a high-school education and a certificate
as a licensed practical nurse.  Tr. 32, 52.  Plaintiff has past
relevant work experience as a licensed practical nurse, home-
health nurse, charge nurse, nanny, and daycare director.
Tr. 81.

Plaintiff alleges disability due to chronically recurring
mononucleosis, rheumatoid arthritis, Sjogren's syndrome,
myositis, osteopenia, irritable bowel syndrome, interstitial
cystitis, and hypothyroid disorder.  Tr. 89.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 28-31.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009).  The court must weigh all of the evidence
whether it supports or detracts from the Commissioner's
decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th
Cir. 2008).  Even when the evidence is susceptible to more than
one rational interpretation, the court must uphold the
Commissioner's findings if they are supported by inferences
reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012).  The court may not substitute its
judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the
Commissioner determines the claimant is engaged in substantial
gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See
also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.
2011).

At Step Two the claimant is not disabled if the
Commissioner determines the claimant does not have any medically
severe impairment or combination of impairments.  20 C.F.R.

§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at
724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§ 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The
criteria for the listed impairments, known as Listings, are
enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed
Impairments).

If the Commissioner proceeds beyond Step Three, he must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A
'regular and continuing basis' means 8 hours a day, for 5 days a
week, or an equivalent schedule."  SSR 96-8p, at *1.  In other
words, the Social Security Act does not require complete
incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec.
Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v.*

7 - OPINION AND ORDER

*Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since October 29, 2015, Plaintiff's

alleged disability onset date.  Tr. 23.

At Step Two the ALJ found Plaintiff has the severe
impairments of obesity, diastolic heart failure, obstructive
sleep apnea, rheumatoid arthritis, asthma, and interstitial
cystitis.  Tr. 24.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 27.  The ALJ found Plaintiff has the RFC to
perform light work.  Tr. 27.  The ALJ indicated Plaintiff has
"no limits on balancing," but has "occasional [limits] handling,
fingering with the right dominant hand."  Tr. 27-28.  The ALJ
also found Plaintiff can be exposed occasionally to "extreme
cold, fumes/odors/dusts/gases/poor ventilation," but she cannot
be exposed to hazards such as moving mechanical parts or
unprotected heights.  Tr. 28.

At Step Four the ALJ concluded Plaintiff is unable to
perform her past relevant work.  Tr. 32.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as counter clerk,
furniture-rental clerk, and greeter.  Tr. 33.  Accordingly, the

ALJ found Plaintiff is not disabled.  Tr. 33.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide legally sufficient reasons supported by substantial evidence in the record for discounting the opinions of Shawn Macalester, D.O., Plaintiff's treating rheumatologist, and Daniel Lowery, P.A., Plaintiff's primary care provider; (2) improperly relied on the opinions of Lloyd Wiggins, M.D., and William Nisbet, M.D., state-agency reviewing physicians; and (3) improperly discounted Plaintiff's subjective symptoms testimony.

**I.    The ALJ erred when she failed to provide specific and legitimate reasons for discounting the opinion of Dr. Macalester and failed to provide germane reasons for discounting the opinion of PA Lowery.**

Plaintiff contends the ALJ erred when she discounted the opinions of Dr. Macalester and PS Lowery, Plaintiff's treating providers, and failed to include in Plaintiff's RFC any limitations assessed by those providers.

### A.    Standards

#### 1.    Medical Sources

"In disability benefits cases . . . physicians may

render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the

doctors', are correct."  *Id.* (citation omitted).

    **2.  "Other Sources"**

    Medical sources are divided into two categories: "acceptable medical sources" and "other sources."  20 C.F.R. §§ 416.913.  Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. §§ 416.913(a).  Medical sources classified as "other sources" include, but are not limited to, nurse practitioners, therapists, licensed clinical social workers, and chiropractors.  20 C.F.R. §§ 416.913(d).

    With respect to "other sources," the Social Security Administration Regulations provide:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not acceptable medical sources, such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists.  Opinions from these medical sources, who are not technically deemed acceptable medical sources under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when determining the weight to give an opinion from those "important"

12 - OPINION AND ORDER

sources include the length of time the source has known the
claimant, the number of times and frequency that the source has
seen the claimant, the consistency of the source's opinion with
other evidence in the record, the relevance of the source's
opinion, the quality of the source's explanation of his opinion,
and the source's training and expertise.  SSR 06-03p, at *4.  On
the basis of the particular facts and the above factors, the ALJ
may assign a not-acceptable medical source either greater or
lesser weight than that of an acceptable medical source.  SSR
06-03p, at *5-6.  The ALJ, however, must explain the weight
assigned to such sources so that a claimant or subsequent
reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.
"The ALJ may discount testimony from . . . 'other sources' if
the ALJ 'gives reasons germane to each witness for doing so.'"
*Molina*, 674 F.3d at 1111 (quoting *Turner v. Comm'r Soc. Sec.
Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

   **B.    Analysis**

        Dr. Macalester and PA Lowery each opined Plaintiff can
work only eight-to-fifteen hours per week; that Plaintiff cannot
use her hands for more than two hours a day; and that the pain
and fatigue from full-time work interferes with Plaintiff's

13 - OPINION AND ORDER

concentration, completion of tasks, and maintenance of an acceptable pace.  PA Lowery also opined Plaintiff would be off-task by 20 percent and miss work four or more days per month.

As noted, Dr. Macalester and PA Lowery concluded Plaintiff could only use her hands for two hours a day. The ALJ, in turn, found Plaintiff has "occasional [limits] handling, fingering with the right dominant hand."  Tr. 27-28. The ALJ gave "little weight" to the opinions of Dr. Macalester and PA Lowery on the ground that their "two-hour" limitation was inconsistent with the definition of "occasional" in the Social Security Regulations.  The Court, however, notes SSR 83-10 defines "occasionally" as "occurring from very little up to one-third of the time" (*i.e.*, up to approximately 2.67 hours of a workday).  Thus, there is not any "inconsistency" between the medical providers' limitation of two hours and the ALJ's limitation of "occasional" use of Plaintiff's hand (*i.e.,* "from very little up to" 2.67 hours) that constitutes a specific or germane reason for rejecting the opinions of Dr. Macalester and PA Lowery.

The ALJ also gave little weight to the opinions of Dr. Macalester and PA Lowery on the ground that they provided

"little explanation" for their medical opinions.  The record as a whole, however, reflects the opposite.  Dr. Macalester began treating Plaintiff in 2014 and documented the basis for his opinion in detail.  For example, in November 2014 Dr. Macalester diagnosed Plaintiff with "rheumatoid arthritis, kerato-conjunctivitis sicca in Sjogren's syndrome, obesity, and monoclonoal gammopathy."  Tr. 976-79.  In February 2015 Dr. Macalester noted Plaintiff complained of pain, numbness, weakness, shortness of breath, anxiety, and depression. Tr. 971-72.  Although Plaintiff reported she had increased her work hours to 32 hours per week, Dr. Macalester noted Plaintiff "was not handling it very well."  Tr. 971.  Dr. Macalester described Plaintiff's rheumatoid arthritis as "still active" and noted new medications caused Plaintiff to experience "mouth sores, hair loss and fatigue."  Tr. 975.  In January 2016 Dr. Macalester described Plaintiff's rheumatoid arthritis as "not getting better and . . . at least moderately severe." Tr. 969.  In his report on August 30, 2017, Dr. Macalester specifically referenced the objective signs of Plaintiff's rheumatoid arthritis, noted bony erosions caused Plaintiff pain, and indicated the use of Plaintiff's hands should be limited to

minimize joint or bone destruction and pain.  Tr. 981.  Thus,
Dr. Macalester's records document and support his opinion
regarding Plaintiff's limitations.  Accordingly, the ALJ failed
to provide specific and legitimate reasons supported by
substantial evidence in the record for discounting
Dr. Macalester's opinion.

        PA Lowery reached conclusions similar to the
conclusions of Dr. Macalester, and the ALJ discounted
PA Lowery's opinion on the same grounds.  The medical evidence
shows Plaintiff was seen by PA Lowery from June 2015 through
September 8, 2017, which was the date of his report.  PA Lowery
noted MRI evidence showed Plaintiff had bony erosions from
rheumatoid arthritis.  The medical records reflect the bony
erosions caused Plaintiff pain and limited the use of her hands
and that she received treatment from various specialists to
treat her symptoms.  Tr. 1198-2000.  PA Lowery treated all of
Plaintiff's conditions, including rheumatoid arthritis and
Sjogren's syndrome.  Tr. 1069-1197.  PA Lowery was also familiar
with Plaintiff's efforts to continue working and the job changes
that she made to accommodate her health.  Thus, PA Lowery's
records support his opinion regarding Plaintiff's limitations,

and the ALJ failed to provide germane reasons for discounting PA Lowery's opinion.

The ALJ also found the opinions of Dr. Macalester and PA Lowery as to Plaintiff's pain and fatigue were conclusory. Tr. 31.  The ALJ, however, failed to provide specific and legitimate reasons to support his rejection of Dr. Macalester's opinion or germane reasons to support his rejection of PA Lowery's opinion.

Finally, the ALJ concluded the opinions of Dr. Macalester and PA Lowery were inconsistent with the medical records, which reflected Plaintiff reported in April 2016 that her symptoms improved significantly with treatment and remained that way until August 2016.  Tr. 29.  In addition, the ALJ noted Plaintiff reported in October 2016 that her pain was "not as bad," she reported in May 2017 that she had been doing "quite well," and she reported in July 2017 that she was not "extremely fatigued."  Tr.  29.

Mere "improvement" from treatment, however, must be interpreted in context and does not mean the person has recovered enough" function" to work.  *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).  For example, although

Plaintiff reported periods of improvement, she also experienced a recurrence of mononucleosis and concurrent diastolic heart failure in 2016 that caused her to leave her nursing job and prevented her from receiving certain treatments for her rheumatoid arthritis because of other health risks.  Tr. 945, 950.  Plaintiff also stopped taking certain medications in 2017 due to concerns about ocular toxicity, and she reported ongoing high levels of pain.  Tr. 941-42.

On this record the Court concludes the ALJ erred when she failed to provide legally sufficient reasons supported by substantial evidence in the record for discounting the opinions of Dr. Macalester and PA Lowery.

**II.  The ALJ erred when she relied on the opinions of Drs. Wiggins and Nesbit, nonexamining physicians.**

Plaintiff contends the ALJ improperly gave "some weight" to the opinions of Drs. Wiggins and Nisbet, nonexamining state-agency physicians, who opined Plaintiff is capable of full-time work.

**A.    Standards**

As noted, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that

are supported by substantial evidence." *Ryan v. Comm'r of Soc.
Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).  When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).

**B.   Analysis**

        In 2016 Drs. Wiggins and Nisbet opined Plaintiff is
capable of performing full-time work at the light exertional
level but did not limit Plaintiff's manipulative activities.
Tr. 31, 95, 111.  The ALJ gave their opinions "some weight," but
she noted "evidence of erosive RA in the right hand[, which] is
partially consistent with [Plaintiff's] alleged limitations in
using the hands."  Tr. 31.  The ALJ, therefore, concluded this
evidence limited the weight that should be given to the physical
assessments of Drs. Wiggins and Nisbet.  Tr. 31.  The ALJ also
gave "some weight" to the opinions of Drs. Wiggins and Nisbet
because she found the record supported their assessment that
Plaintiff could perform work at the light exertional level and
the postural limitations that the ALJ assessed in Plaintiff's
RFC were consistent with their opinions and "with the objective

evidence, course of treatment, and response to treatment."
Tr. 31.

Plaintiff, nevertheless, contends the ALJ erred when
she gave "any weight" to the opinions of Drs. Wiggins and Nesbit
on the ground that their opinions were based on limited records
and were contrary to the subsequent opinions of Dr. Macalester
and PA Lowery.

> [B]ecause nonexamining sources have no examining or
> treating relationship with you, the weight we will
> give their medical opinions will depend on the
> degree to which they provide supporting explanations
> for their medical opinions.  We will evaluate the
> degree to which these medical opinions consider *all*
> of the pertinent evidence in your claim, including
> medical opinions of treating and other examining
> sources.

20 C.F.R. § 404.1527(c)(3)(emphasis added).  Although
Drs. Wiggins and Nesbit based their opinions on the medical
evidence available to them at the time of their evaluation in
2016, Dr. Macalester and PA Lowery gave opinions one year later
based on additional medical evidence that contradicted the
opinions of Drs. Wiggins and Nesbit.  When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest weight
. . . even if it does not meet the test for controlling weight."

20 - OPINION AND ORDER

*Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).

The Court concludes on this record that the ALJ erred when she gave "some weight" to and relied on the opinions of the nonexamining physicians and failed to give greater weight to the opinions of the treating providers.

**III. The ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.**

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

**A.    Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged;

[he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Id.*

  If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").  General assertions that the claimant's testimony is not credible are insufficient.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

**B.    Analysis**

Plaintiff testified her rheumatoid arthritis, viral infections, and recurring mononucleosis made her health unpredictable from day to day; that she can only function for a few hours each day; and that she often has days when she is in bed or lies on the couch all day.  Tr. 28-9, 63-79, 244-51, 313-15.

The ALJ discounted Plaintiff's testimony on the ground that it was inconsistent with the medical evidence.  Tr. 28-30. The ALJ specifically concluded Plaintiff's symptoms did not last for twelve consecutive months, that they "waxed and waned," and that they were effectively treated with the right medications.

The "twelve-month duration" requirement is only relevant at Step Two when the ALJ determines whether a claimant has an impairment or combination of impairments that is "severe" and expected to last a continuous period of at least twelve months.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  Here the ALJ resolved Step Two in Plaintiff's favor, and, therefore, the ALJ's application of the "twelve-month duration" requirement to evaluate Plaintiff's specific symptoms for the purpose of determining disability was in error.

Similarly, the waxing and waning of a claimant's symptoms

23 - OPINION AND ORDER

does not constitute clear and convincing evidence to support
discounting a claimant's subjective symptom testimony.  *Garrison v.
Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014).  As noted, mere
"improvement" from treatment does not necessarily mean that a
person has recovered enough "function" to work.  *Holohan,* 246 F.3d
at 1205.  Although Plaintiff reported improvement in her pain
symptoms at various times (Tr. 1116), she also reported
progressively worsening chronic fatigue and stated there were days
when she could not get out of bed (Tr. 29, 1171, 1175).

On this record the Court concludes the ALJ erred when
she discounted Plaintiff's testimony and failed to provide clear
and convincing reasons supported by substantial evidence in the
record for doing so.

## REMAND

The Court must determine whether to remand this matter for
further proceedings or to remand for the calculation and payment
of benefits.

The decision whether to remand for further proceedings or
for payment of benefits generally turns on the likely utility of
further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court
may "direct an award of benefits where the record has been fully

24 - OPINION AND ORDER

developed and where further administrative proceedings would
serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172,
1178 (9th Cir. 2000).  The court should grant an immediate award
of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required
> to find the claimant disabled were such evidence
> credited.

*Id.*  The second and third prongs of the test often merge into a
single question:  Whether the ALJ would have to award benefits
if the case were remanded for further proceedings.  *Id.* at 1178
n.2.

As noted, the Court concludes the ALJ erred when she failed
to provide legally sufficient reasons supported by substantial
evidence in the record for discounting the opinions of
Dr. Macalester and PA Lowery regarding Plaintiff's limitations.
The ALJ also erred when she failed to provide legally sufficient
reasons for discounting Plaintiff's symptom testimony.  Thus,

25 - OPINION AND ORDER

the Court concludes consideration of the record as a whole establishes that the ALJ would be required to find Plaintiff disabled and to award benefits if this evidence was credited.

Accordingly, the Court remands this matter for the immediate calculation and payment of benefits.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 4th day of May, 2020.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

26 - OPINION AND ORDER